UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRANSGUARD INSURANCE
COMPANY OF AMERICA, INC.,

    Plaintiff,

v.                                               Case No: 8:20-cv-1663-CEH-JSS

RODNEY M. GALLOWAY, APPLE
MOVING, INC. and MOV2DAY
SARASOTA, LLC,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Better Discovery Responses ("Motion"). (Dkt. 28.) Upon consideration and for the reasons explained below, the Motion is granted.

On July 30, 2020, Plaintiff filed its Amended Complaint for declaratory relief pursuant to 28 U.S.C. § 2201 seeking "a declaration by the Court as to whether the subject Primary Commercial Package and Commercial Umbrella Liability insurance policies issued by [Plaintiff] provide coverage for the loss arising out of the death of Mitchell Galloway." (Dkt. 28 at 1.)

On January 25, 2021, Plaintiff served its Initial Interrogatories and First Request for Production on Defendant, Rodney M. Galloway, as Personal Representative of the Estate of Mitchell S. Galloway ("Galloway"). (Dkt. 28-1). Defendant's responses

contained several deficiencies. First, Galloway's Answers to Interrogatories were not signed and were not attested to under oath. (Dkt. 28-2.) Second, Galloway did not provide complete answers or responsive production in response to Requests for Production Nos. 5, 8, and 15. (Dkt. 28-4.) Due to the deficiencies in Defendant's responses, Plaintiff filed the instant Motion, seeking to compel Galloway to provide answers to the Initial Interrogatories that are signed under oath and produce responsive documents to its requests. (Dkt. 28.) Galloway's response was due September 23, 2021. When Galloway did not file a timely response, the Court ordered Galloway to file a response on or before October 22, 2021. (Dkt. 29.) The Court *sua sponte* extended the deadline for Galloway's response to November 5, 2021 and advised Galloway that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 30.) To date, Galloway has failed to file a response to the Motion.

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*,

297 F.3d 1255, 1263 (11th Cir. 2002). Additionally, Federal Rule of Civil Procedure 33 provides that responses to interrogatories must be signed under oath. *See* Fed. R. Civ. P. 33(b)(3), (5) (requiring that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "[t]he person who makes the answers must sign them").

Here, despite the Court's orders directing Galloway to respond to the Motion, Galloway has failed to file a response. Consequently, the Court presumes Galloway has no objection to Plaintiff's Motion. See M.D. Fla. Local R. 3.01(c). Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Better Discovery Responses (Dkt. 28) is **GRANTED**.

2. Galloway shall serve sworn supplemental responses to interrogatories and serve its discovery responses and produce all documents responsive to Plaintiff's discovery requests, in accordance with this order within fourteen (14) days of this order.

**DONE** and **ORDERED** in Tampa, Florida, on November 9, 2021.

                                                JULIE S. SNEED
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record